**KENTUCKY BAR ASSOCIATION,**
Appellant,

v.

**John Mark BARGER, Appellee.**

**No. 2000–SC–0712–KB.**

Supreme Court of Kentucky.

March 20, 2003.

LAMBERT, Chief Justice.

### *OPINION AND ORDER*

John Mark Barger was suspended from the practice of law in July 2000, pursuant to SCR 3.166(1), after being convicted in the Perry Circuit Court of first-degree possession of a controlled substance. *KBA v. Barger,* Ky., 26 S.W.3d 791 (2000). Subsequently, the Kentucky Court of Appeals reversed Barger's conviction and, on November 21, 2002, this Court entered an order dissolving Barger's suspension and abating the underlying disciplinary matter pending the outcome of the criminal case.

The Registrar of the Kentucky Bar Association has filed a motion with this Court requesting guidance on Barger's membership status. The Registrar points out that our rules governing reinstatement and restoration of membership, SCR 3.500, 3.510, and 3.675, do not address the situation where an automatic suspension is dissolved, and the member thereafter is eligible to be listed as a member in good standing. It is the Registrar's position that in addition to paying his annual Bar dues, Barger must be current on his Continuing Legal Education Requirements. Barger's CLE record reflects that he had sufficient carry-over credits to satisfy the 2000–2001 educational year ending June 30, 2001. However, he did not complete any hours for the 2001–2002 educational year, nor has he submitted any hours for the current 2002–2003 year. Thus, the Registrar argues that Barger must complete 25 CLE credits before he can be listed as a member in good standing.

Apparently, this is the first time this Court has been confronted with such a situation. Clearly, our rules regarding reinstatement and restoration of membership do not address the present situation, i.e. dissolution of an automatic suspension.

SCR 3.675, Continuing legal education requirements for restoration or reinstatement to membership: procedures, provides, in pertinent part:

(1) Every former member, applying for or otherwise seeking restoration or reinstatement to membership pursuant to Rules 3.500 or 3.510, shall be required to have completed the minimum annual continuing legal education requirement for each year during which he or she was not a member in good standing, including any year prior to disbarment, suspension or withdrawal under threat of suspension, during which the minimum annual continuing legal education requirement was not fulfilled. Completion of such credits shall be certified to the commission as a condition precedent to reinstatement or restoration.

SCR 3.500 governs restoration of membership following retirement pursuant to SCR 3.480, or suspension for CLE noncompliance or failure to pay bar dues. SCR 3.510 sets forth the procedure for reinstatement in cases of disciplinary suspension. Neither rule appears to contemplate the procedure to be followed in the event that an automatic suspension is dissolved.

Without question, Barger is responsible for completing the previous 2001–2002 year CLE requirement before he is eligible to be listed as a member in good standing. However, we are of the opinion that our Order dissolving the automatic suspension returned him to the same position he was in prior to the suspension. Thus, we perceive no reason why Barger should have to complete the current year's CLE requirement before the June 30, 2003 deadline imposed upon all other members of the Bar. This is not a case where a suspension has expired by its own terms, as set forth in SCR 3.510(2); rather, it is as if the suspension did not occur. Barger was automatically suspended by operation of SCR 3.166, following his felony conviction. That conviction no longer exists, and until such time, if ever, that Barger is again convicted on the underlying charges, or the KBA takes disciplinary action against him, Barger is returned to his pre-suspension status and should not be penalized for having yet to complete the current year's CLE requirements.

Accordingly, IT IS HEREBY ORDERED that John Mark Barger shall pay any and all dues currently owed to the Kentucky Bar Association. Further, he shall complete the 12.5 CLE credits needed to fulfill the prior 2001–2002 educational year requirement before he is eligible to be listed as a member in good standing of the Kentucky Bar Association authorized to practice law in the Commonwealth of Kentucky. Barger has until the June 30, 2003 deadline to fulfill his current 2002–2003 year's CLE requirement.

LAMBERT, C.J., COOPER, GRAVES, JOHNSTONE, KELLER, and WINTERSHEIMER, J.J., concur.

STUMBO, J., not sitting.

ENTERED: March 20, 2003.

/s/ JOSEPH E. LAMBERT
Chief Justice.