**KENTUCKY BAR ASSOCIATION,**
**Movant**

v.

**William O. AYERS, Respondent.**

**No. 2010-SC-000064-KB.**

Supreme Court of Kentucky.

March 18, 2010.

**ORDER CONFIRMING AUTOMATIC SUSPENSION**

The Kentucky Bar Association (KBA) moved for an order confirming the automatic suspension of William O. Ayers, KBA member number 85512, pursuant to SCR 3.166. Ayers was admitted to practice law in this Commonwealth on October 21, 1994, and his bar roster address is 821 West Main Street, Louisville, Kentucky 40202. The Court grants the KBA's motion, in accordance with SCR 3.166, because Respondent was convicted of five felonies in the Jefferson Circuit Court.

---

stayed in another state, any discipline imposed in this state shall be deferred until such stay expires.

Respondent was charged with five felony counts for failing to file a tax return, in violation of KRS 141.990(5). On January 28, 2010, the jury convicted Respondent of all five counts. Respondent is scheduled for sentencing on March 10, 2010. The KBA's motion includes a copy of the jury's verdict forms (which find Respondent guilty of the five felonies), and the court's Order Upon Jury Verdict.

Pursuant to SCR 3.166(1),

Any member of the Kentucky Bar Association who ... is convicted by a judge or jury of a felony, in this State or in any other jurisdiction, shall be automatically suspended from the practice of law in this Commonwealth. "Felony" means an offense for which a sentence to a term of imprisonment of at least one (1) year is authorized by law.... The suspension shall take effect automatically beginning on the day following the ... finding of guilt by a judge or jury or upon the entry of judgment whichever occurs first. The suspension under this rule shall remain in effect until dissolved or superseded by order of the Court. Within thirty (30) days of the plea of guilty, or the finding of guilt by a judge or jury, or entry of judgment, whichever occurs first, the suspended attorney may file a motion with the Clerk of the Supreme Court of Kentucky setting forth any grounds which the attorney believes justify dissolution or modification of the suspension.

The offenses for which Respondent was convicted were felonies as defined by SCR 3.166(1). That rule defines a felony as "an offense for which a sentence to a term of imprisonment of at least one (1) year is authorized by law." Failing to file a tax return is a Class D felony, *see* KRS 141.990(5), for which a sentence between one and five years is authorized, *see* KRS 532.060(2)(d). Thus, due to this conviction,

Respondent was automatically suspended from the practice of law by action of SCR 3.166(1) on January 29, 2010, the day after his conviction. Respondent did not file a motion challenging or seeking to modify his suspension. The purpose of this order is to memorialize and confirm the fact that Respondent was automatically suspended from the practice of law in Kentucky by the action of SCR 3.166 beginning one day after his conviction.

Therefore, it is hereby ordered that:

1. Respondent's automatic suspension from the practice of law in the Commonwealth of Kentucky, effective January 29, 2010, is confirmed and shall continue until dissolved or superseded by subsequent order of this Court;

2. This order shall be published for the information and benefit of all members of the bar and public;

3. Pursuant to SCR 3.166(4), Respondent shall notify all his clients in writing of his inability to continue to represent them and shall furnish copies of all such letters to the Director of the KBA, shall make arrangements to return all active files to his clients or new counsel, shall return all unearned attorney fees and client property to his clients, and shall advise the Director of such arrangements, if Respondent has not already done so as required by the Rule within ten days of the conviction by jury;

4. Pursuant to SCR 3.166(5), if he has not done so already, Respondent shall immediately, to the extent possible, cancel and cease any advertising activities in which he is engaged; and

5. Pursuant to SCR 3.166(6), disciplinary proceedings against Respondent shall be initiated by the Inquiry Commission pursuant to SCR 3.160, unless already be-

gun or unless he resigns under terms of disbarment.

All sitting. All concur.

ENTERED: March 18, 2010.

/s/ John D. Minton Jr.
Chief Justice