**KENTUCKY BAR ASSOCIATION,**
**Movant,**

v.

**William Otto AYERS, Respondent.**

**No. 2010–SC–000220–KB.**

Supreme Court of Kentucky.

May 20, 2010.

### *OPINION AND ORDER*

 Respondent, William Otto Ayers, stands accused of violating SCR 3.130–1.16(d) for failing to return a portion of a fee after his representation of a client was terminated. The trial commissioner has recommended that Ayers, who was admitted to practice law in Kentucky on October 21, 1994, whose Bar Roster Address is 821 West Main Street, Louisville, Kentucky 40202, and whose KBA Member Number is 85512, be found to have violated SCR 3.130–1.16(d) and suspended from the practice of law in this Commonwealth for thirty days. This Court, finding no reason for further review, adopts the recommendation of the trial commissioner.

On or about June 18, 2005, Frances Parella hired Respondent to represent her daughter, Bridget Elliott, on two criminal matters in the circuit court for a fee of $1,200. Though there was no written fee agreement, evidence showed that the fee was part of a "flat fee" arrangement intended to cover Respondent's services for two circuit court matters.

During the course of his representation, Respondent visited the client while she was incarcerated and filed pleadings on her behalf. On or about September 18, 2005, before Ms. Elliot's case was over, Respondent was "fired" from the representation, not because of his work performance but because of Ms. Parella's "gut instinct."

At that time, both Ms. Parella and Respondent agreed that $500 of the fee would be refunded. At a later date, Respondent "changed his mind," deciding that he was entitled to the full fee and would therefore not refund any portion of it. Respondent informed Ms. Parella of his decision by telephone, not in writing.

Subsequently, a bar complaint was filed and the Inquiry Commission issued a one-count charge against Respondent alleging a violation of SCR 3.130–1.16(d), which at the time read,

> Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the

client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred.

The charge indicated that the violation occurred when Respondent failed to refund the $500 to which he had agreed.

The matter was referred to a trial commissioner, who held an evidentiary hearing and received briefs from both bar counsel and Respondent. Respondent argued that he had earned the entire fee because it was a nonrefundable, "flat fee" arrangement and that SCR 3.130–1.16(d) applies only to where the attorney, not the client terminates the representation.

Following the hearing and review of the briefs, the trial commissioner submitted a report that included findings of fact consistent with those described above. The report also concluded that Respondent violated SCR 3.130–1.16(d) for failing to refund the $500 that he had promised to Ms. Parella, that Respondent's legal claim of the inapplicability of SCR 3.130–1.16(d) was incorrect because subsection (a)(3) of the rule clearly contemplates situations where the "the lawyer is discharged," and that Respondent's refusal to return the money was particularly egregious because he had agreed to the refund and therefore had no basis for failing to make it. Finally, based on these findings and conclusions, the trial commissioner recommended that Respondent be suspended from the practice of law for thirty days and be ordered to pay the $500 refund to Ms. Parella.

The trial commissioner's recommendation was made after considering Respondent's prior disciplinary record, which consists of an automatic suspension under SCR 3.166 for conviction of one or more felonies on January 29, 2010, as confirmed and described in *Kentucky Bar Association v. Ayers*, 307 S.W.3d 122 (Ky.2010).

No appeal of the trial commissioner's recommendation, as allowed under SCR 3.360, .365, and .370, was sought. As a result, this matter was submitted directly to this Court without going before the Board of Governors. *See* SCR 3.360(4). Because the trial commissioner's findings and conclusions are supported by the record and the law, and because the recommended sanction is appropriate in light of Respondent's history of prior discipline and the seriousness of the charges, this Court elects not to review the recommendation of the trial commissioner as allowed under SCR 3.370(9). The recommendation of the trial commissioner is therefore adopted pursuant to SCR 3.370(10).

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) Respondent, William Otto Ayers, is suspended from the practice of law in the Commonwealth of Kentucky for thirty days from the date of this Order.

(2) Respondent shall refund $500 in unearned fees to Frances Parella if he has not done so already. Respondent shall confirm his repayment of the unearned portion of the fee by written notice to the Office of Bar Counsel.

(5) In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $1,385.45, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: May 20, 2010.

/s/ John D. Minton Jr.
 Chief Justice