**KENTUCKY BAR ASSOCIATION,
Movant,**

v.

**William O. AYERS, Respondent.**

**No. 2010–SC–000811–KB.**

Supreme Court of Kentucky.

March 24, 2011.

## OPINION AND ORDER

The Respondent, William O. Ayers, KBA Member No. 85512, has a bar roster address of 821 West Main, Louisville, Kentucky 40202. The Kentucky Bar Association (KBA), moves the Court, pursuant to Ayer's default under SCR 3.210, to impose a sanction of suspension from the practice of law for a period of thirty days, consecutive to any other discipline imposed, as he unlawfully practiced law as set forth in KBA file No. 18409. We now adopt the KBA's motion and impose such sanction for the reasons set forth below.

Ayers was admitted to the practice of law in 1994. On January 28, 2010, he was found guilty by jury verdict of five felony counts of Failure to File a Tax Return. Pursuant to SCR 3.166(1), any attorney convicted by a judge or jury of a felony "shall be automatically suspended from the practice of law...." The suspension takes effect "automatically beginning on the day following the plea of guilty or finding of guilt by a judge or jury or upon the entry of judgment whichever occurs first." *Id.* By Order entered March 18, 2010, we confirmed that Ayers was automatically sus-

pended effective January 29, 2010. This suspension remains in effect.

According to a Bar Complaint from Jefferson Circuit Court Judge Audra J. Eckerle, Ayers appeared in her court on February 1, 2010 in a criminal matter. Upon inquiry from both the Court and the prosecuting attorney, Ayers asserted his belief he could continue to represent persons until otherwise notified by the KBA and that, in his opinion, a felony conviction could not occur until the sentence was imposed. He also served a pleading on the Commonwealth's Attorney in another matter on January 29, 2010.

In his Response, Ayers reiterated his belief that he was not suspended because he had not been notified by the KBA and the conviction was not final. He also claimed that he did not practice law, but merely "attempted to represent an individual who had previously paid for his services." According to Ayers, he immediately ceased practicing law upon receiving notice from the KBA.

Judge Eckerle then submitted Supplemental Comments, stating that Ayers continued to persist in his efforts to practice law despite notification by both the Court and the prosecutor. Judge Eckerle also asserted that attempting to represent an individual, as Ayers admits he did, is "the essence of practicing law."

The Charge was issued June 29, 2010 and sent via certified mail to Ayers' bar address.[1] The mailing was returned unclaimed on August 26, 2010. On August 30, 2010, service was made upon the Executive Director pursuant to SCR 3.175(2). The Director subsequently sent notification via certified mail to Ayers' bar address, which was also returned unclaimed on September 28, 2010.

---

1. Ayers' bar address was, and remains, 821 West Main, Louisville, Kentucky 40202.

On October 7, 2010, the Office of Bar Counsel sent a letter to Ayers' bar address advising him that his Answer to the Charge had not been received. Apparently receiving this letter, Ayers contacted the Disciplinary Clerk and filed a Motion for Permission to File a Late Answer on October 13, 2010. The KBA then filed a Response and Ayers' Motion was denied by the Inquiry Commission by Order entered November 8, 2010. Ayers filed an objection to the Order of Submission entered November 9, 2010, which was subsequently overruled.

Based on the above facts, Count I of the Charge alleged that Ayers violated SCR 3.130–5.5(a), which provides that "[a] lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so." Count II alleged that Ayers violated SCR 3.130–5.5(b)(2), which states that "[a] lawyer who is not admitted to practice in this jurisdiction shall not ... (2) hold out to the public or otherwise represent that the lawyer is admitted to practice law in this jurisdiction."

As Ayers did not answer the above-described charges, he was before the Board of Governors ("Board") of the KBA by default. The Board, by a vote of 16–0 (with one member recused), found him guilty of both Counts I and II. The Board thus recommends that Ayers be found guilty of violating both counts in KBA file No. 18409.

After the Board found Ayers guilty, they considered an appropriate discipline, examining his prior discipline, mitigating factors, and applicable law. Specifically, on March 18, 2010, we confirmed his automatic suspension effective January 29, 2010 following his felony convictions. On May 20, 2010, the Court entered an Order suspending Ayers for thirty days for violating SCR 3.130–1.16(d), which provides that,

"[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as ... refunding any advance payment of fee ... that has not been earned...." The Court ordered Ayers to return $500 in unearned fees, as well as to pay the costs of the proceeding in the amount of $1,385.45. The KBA objected to his automatic reinstatement on May 27, 2010, as the costs of the proceeding have not been paid.

The Board recommends that Ayers be suspended from the practice of law for a period of thirty days consecutive to any other discipline imposed. The Board also recommends that the costs of this proceeding as certified by the Disciplinary Clerk, $313.98, should be assessed against and paid by Ayers as required by SCR 3.450.

Accordingly, having reviewed the findings of fact, conclusions of law, and the recommendations of the Board, we now accept the Board's recommendations and enter such an order reflecting Ayers' thirty day suspension from the practice of law to run consecutively to any other discipline imposed and order him to pay all costs.

Thus, it is ORDERED that:

1. William O. Ayers, KBA Member No. 85512, is suspended from the practice of law for thirty days to begin on the date of the entry of this order to run consecutively from any other discipline.

2. In accordance with SCR 3.450, Ayers is directed to pay all costs, in the amount of $313.98, associated with this proceeding for which execution may issue from this Court upon finality of this order.

All sitting. All concur.

ENTERED: March 24, 2011.

/s/ John D. Minton, J.

Chief Justice·