RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 18a0181p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

WILLIAM O. AYERS,

　　　　　　　　　　*Petitioner-Appellant,*

　　　*v.*

JOHNATHAN HALL, Warden,

　　　　　　　　　　*Respondent-Appellee.*

No. 17-5038

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
No. 3:15-cv-00772—Joseph H. McKinley Jr., Chief District Judge.

Argued:  January 30, 2018

Decided and Filed:  August 22, 2018

Before:  MOORE, THAPAR, and LARSEN, Circuit Judges.

_____

### COUNSEL

**ARGUED:**  J. Vincent Aprile II, LYNCH, COX, GILMAN & GOODMAN, P.S.C., Louisville, Kentucky, for Appellant.  Micah Brandon Roberts, OFFICE OF THE ATTORNEY GENERAL OF KENTUCKY, Frankfort, Kentucky, for Appellee.  **ON BRIEF:**  J. Vincent Aprile II, LYNCH, COX, GILMAN & GOODMAN, P.S.C., Louisville, Kentucky, for Appellant.  Ken W. Riggs, OFFICE OF THE ATTORNEY GENERAL OF KENTUCKY, Frankfort, Kentucky, for Appellee.

_____

### OPINION

_____

　　　KAREN  NELSON  MOORE,  Circuit  Judge.　　William  Ayers  was  an  experienced criminal-defense attorney in Kentucky who found himself on the wrong end of counsel's table

when he was indicted in 2008 on five counts of failing to file state tax returns. While Ayers undeniably represented himself throughout the twenty-one months between his indictment and his trial, it is undisputed that he never formally elected to do so: he never waived his right to counsel on the record, "file[d] a notice of appearance of any kind, appear[ed] with a co-counsel for any purpose, or file[d] a motion to be allowed to proceed *pro se*" during that time. Despite Ayers's pro se status, the trial court allegedly failed to inform him at his arraignment that he had a right to counsel and never subsequently sought to determine whether Ayers's self-representation was a voluntary, intelligent, and knowing waiver of his right to counsel. Then, when Ayers asked for a continuance a day before his trial was scheduled to begin so that he could hire an attorney with whom he attested he was already in negotiations, the trial court denied his request and forced him to proceed pro se. Ayers was convicted on all five counts and now seeks habeas relief from these convictions.

Because the Kentucky Supreme Court acted contrary to clearly established Supreme Court precedent when it held that trial courts need not "obtain a waiver of counsel" before allowing "experienced criminal trial attorneys" to represent themselves, and because we conclude upon de novo review of the record that Ayers did not validly waive his right to counsel, we **REVERSE** the district court's denial of Ayers's petition under 28 U.S.C. § 2254 and remand with instructions to grant the writ unless the Commonwealth of Kentucky elects to retry Ayers within ninety days of this court's judgment. As Ayers is entitled to full relief on his waiver claim, we decline to decide whether the state trial court also violated Ayers's right to counsel of his choice by declining to grant a continuance so that he could secure counsel.

## I. BACKGROUND

William Ayers, an experienced criminal-defense attorney in Kentucky, was indicted on April 10, 2008 on five counts of failing to file state tax returns. R. 11-2 (Indictment at 1–2) (Page ID #109–10). Ayers asserts that he was never informed at arraignment of his right to counsel, and the trial court never subsequently verified his intent to proceed pro se. *See* R. 11-2 (Ayers Br. to the Ky. S. Ct. at 4–5) (Page ID #288–89); Appellant Br. at 5. The Commonwealth has been unable to cite any portion of the record demonstrating that Ayers waived his right to

counsel and, in fact, conceded at oral argument that no such waiver occurred.  Nevertheless, the trial court allowed Ayers to represent himself throughout his pretrial proceedings.

The day before Ayers's trial was scheduled to begin, Ayers requested a continuance to secure counsel.  R. 11-2 (Motion) (Page ID #111–13).  The district court denied this motion, R. 12 (Video of Hr'g, Jan. 26, 2010, 11:18:18 AM–11:26:51 AM), and the case immediately proceeded to a four-day trial.  The jury convicted Ayers of all five counts, and Ayers was ultimately sentenced to three years' imprisonment on each count, to run concurrently, R. 11-2 (Judgment of Conviction and Sentence) (Page ID #114–16).  The trial court withheld imposition of the judgment of confinement, however, provided that Ayers served five years of supervised probation, served 90 days in Jefferson County Corrections, completed 100 hours of community service over the probation period, paid various fines, costs, and fees, and discontinued the practice of law in Kentucky.  *Id.*

Ayers appealed his conviction to the Court of Appeals of Kentucky, arguing that the state trial court violated clearly established Supreme Court precedent by failing to ascertain whether he had validly waived his right to counsel before allowing him to represent himself.  *See* R. 11-2 (Ayers Br. to the Ky. Ct. App. at 8–9) (Page ID #130–31).  Ayers also argued that the trial court violated his Sixth Amendment right to assistance from counsel of his choosing when it denied his pre-trial motion for a continuance to obtain counsel.  *Id.* at 4–6 (Page ID #126–28).  The Kentucky Court of Appeals ruled in Ayers's favor, reasoning that the trial court was required "to ascertain whether Ayers understood []his right [to representation]," as well as "the consequences of declining to exercise it."  R. 1-2 (Ky. Ct. App. Op. at 6) (Page ID #48).

The Commonwealth sought and secured discretionary review from the Supreme Court of Kentucky.  *See Com. v. Ayers*, 435 S.W.3d 625, 626 (Ky. 2013).  In its briefing, the Commonwealth acknowledged that no "formal" hearing had occurred in Ayers's case to determine whether he had knowingly, intelligently, or voluntarily waived his right to counsel.  R. 11-2 (Commonwealth Br. to the Ky. S. Ct. at 8–9) (Page ID #255–56).  Nevertheless, the Commonwealth argued that "an *experienced criminal defense attorney* was capable of representing himself, and waiving his right to counsel," without the typical protections required of the court "for laymen."  *Id.* at 12 (Page ID #259).  In turn, Ayers acknowledged that a "full

'formal inquiry' may not be necessary when the trial court is dealing with a person who has a legal background," but he insisted that the trial court erred by making "ZERO inquiry" into whether he was "voluntarily, intelligently and knowingly waiving his right to be represented by counsel." R. 11-2 (Ayers Br. to the Ky. S. Ct. at 5) (Page ID #289). Ayers asserted that he "never affirmatively asserted his desire, willingness or intention of proceeding pro se" and "never acknowledged he knew the ramifications of proceeding pro se." *Id.* at 2 (Page ID #286). The trial court's failure to engage in any inquiry "about his right and/or decision to proceed pro se or his right to the assistance of counsel" was, according to Ayers, unconstitutional. *Id.*

From the parties' briefing, the Kentucky Supreme Court identified "[t]he sole issue on appeal" as "whether the trial court's failure to conduct a *Faretta* hearing requires us to set aside Ayers' conviction and order a new trial." *Ayers*, 435 S.W.3d at 626. Typically, the term "*Faretta* hearing" refers to a colloquy between the trial court and a defendant in which the trial court warns the defendant about the "dangers and disadvantages of self-representation." *Faretta v. California*, 422 U.S. 806, 835 (1975). From the Kentucky Supreme Court's decision, however, it is plain that the state supreme court used the term "*Faretta* hearing" to include any on-the-record determination that Ayers had validly waived his right to counsel. The Kentucky Supreme Court recognized that Ayers had not "exercis[ed] his right to proceed without a lawyer," but reasoned that the trial court was not required "to obtain a waiver of counsel in this case" because, "[a]s an attorney, Ayers never forewent the benefits of counsel. There was a lawyer and a defendant who, in this case, were uniquely one and the same." *Ayers*, 435 S.W.3d at 627–28. The Kentucky Supreme Court therefore "dispense[d] with the charade of combing the record for some shred of evidence that *Faretta* was satisfied" and instead held, as a matter of law, "that criminal defendants who are experienced criminal trial attorneys are not entitled to a *Faretta* hearing or inquiry prior to representing themselves." *Id.* at 629. The Kentucky Supreme Court thereby reversed the state court of appeals and reinstated Ayers's conviction. *Id.*

Ayers petitioned for a rehearing, which was denied, R. 11-2 (Order Denying Petition for Rehearing) (Page ID #340), and for a writ of certiorari from the United States Supreme Court, which was denied on October 6, 2014, *Ayers v. Kentucky*, 135 S. Ct. 86 (2014). Ayers then petitioned for relief under 28 U.S.C. § 2254 in the U.S. District Court for the Western District of

Kentucky, arguing (through counsel) that the trial court violated the Constitution (1) by failing to determine whether Ayers had ever knowingly and voluntarily "waiv[ed] his rights under the Sixth and Fourteenth Amendments to the assistance of counsel," and (2) by denying Ayers's motion for a continuance to obtain counsel of his choice.  R. 1-1 (Mem. in Support of Pet. for a Writ of Habeas Corpus at 2, 24–25) (Page ID #17, 39–40).  The district court denied Ayers's petition, but granted a certificate of appealability as to the waiver issue.  R. 23 (Order) (Page ID #502).  Ayers filed a notice of appeal and moved before this court to expand the certificate of appealability to include the second issue (i.e., whether Ayers ought to have received a continuance to hire counsel of his choosing), which this court granted.  *See* D.E. 7 (Order at 5).  The present appeal followed.

## II.  DISCUSSION

### A.  Standard of Review

"We review the district court's legal conclusions in habeas proceedings de novo and its findings of fact for clear error."  *Akins v. Easterling*, 648 F.3d 380, 385 (6th Cir. 2011).  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") precludes federal courts from providing relief on habeas claims that were previously adjudicated on the merits in state court unless the state-court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  A state-court decision is "contrary to" clearly established precedent "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases," or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent."  *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000).  Where the state court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case," the state court has rendered "a decision 'involv[ing] an unreasonable

application of . . . clearly established Federal law.'"    *Id.* at 407–08 (quoting 28 U.S.C. § 2254(d)(1)) (alterations in original).  If we conclude that the Kentucky Supreme Court acted contrary to clearly established federal law, we must "review the merits of the petitioner's claim de novo."  *Dyer v. Bowlen*, 465 F.3d 280, 284 (6th Cir. 2006).

## B.  Failure to Obtain Valid Waiver of Counsel

The Sixth Amendment provides a criminal defendant both "the right . . . to have the Assistance of Counsel for his defence," U.S. CONST. amend. VI, as well as "the right to self-representation—to make one's own defense personally," *Faretta*, 422 U.S. at 819.  Although defendants have both the right to counsel and the right to waive their right to counsel, "[i]t is undeniable that in most criminal prosecutions defendants could better defend with counsel's guidance than by their own unskilled efforts," and defendants who opt to go it alone "relinquish[], as a purely factual matter, many of the traditional benefits associated with the right to counsel." *Id.* at 834–35.  For this reason, the Sixth Amendment "require[s] that any waiver of the right to counsel be knowing, voluntary, and intelligent."  *Iowa v. Tovar*, 541 U.S. 77, 87–88 (2004).  Critically, "[p]resuming waiver [of the right to counsel] from a silent record is impermissible."  *Carnley v. Cochran*, 369 U.S. 506, 516 (1962).  Rather, "[t]he record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer.  Anything less is not waiver." *Id.*

In light of the above principles, the Kentucky Supreme Court acted contrary to clearly established federal law when it held that trial courts need not "obtain a waiver of counsel" from "criminal defendants who are experienced criminal trial attorneys."  *See Ayers*, 435 S.W.3d at 628–29.  The Kentucky court derived its decision from the correct premise that the Sixth Amendment's waiver requirements apply only to uncounseled defendants and the incorrect premise that defendants who happen to be criminal trial attorneys are never without counsel. Every defendant—regardless of his profession—is entitled to counsel unless he waives his right to counsel.  *See Carnley*, 369 U.S. at 513 ("[I]t is settled that where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend on a request.").  If a defendant is proceeding pro se, the record must reveal a defendant's "affirmative acquiescence"

in his uncounseled state.  *Id.* at 516–17.  By expressly declining to "comb[] the record for some shred of [such] evidence" in this case, and by attempting to exempt uncounseled attorney-defendants from a rule that plainly applies to all uncounseled defendants, the Kentucky Supreme Court acted contrary to clearly established law.  *Ayers*, 435 S.W.3d at 629.

Because a state-court decision that runs contrary to binding Supreme Court precedent is no longer owed deference, we now review de novo Ayers's Sixth Amendment claim.  *See Dyer*, 465 F.3d at 284.  Here, the record is devoid of any indication that Ayers was told of his right to counsel or that he affirmatively declined to exercise that right.  Indeed, counsel for Kentucky conceded at oral argument that Ayers never "invoke[d] his right to proceed pro se" and never "validly waive[d] his Sixth Amendment right to counsel."  Oral Arg. at 19:35–19:46, 22:19–22:35.  As Kentucky seemed to recognize at oral argument, these facts decide the case.[1]

Perhaps seeking to bypass the above conclusion, counsel for Kentucky suggested at oral argument that Ayers had not raised this "waiver" argument earlier.  We disagree.  In his brief to the Kentucky Court of Appeals, Ayers made clear that he had "never ever indicated that his pro-se status was voluntary.  Mr. Ayers wanted counsel, he used counsel in his other criminal proceedings and he wanted counsel again in this proceeding."  R. 11-2 (Ayers Br. to the Ky. Ct. App. at 8–9) (Page ID #130–31).  In the brief that he submitted to the Supreme Court of Kentucky, Ayers insisted that he was not informed of his right to counsel at his arraignment, and he argued that he "never affirmatively asserted his desire, willingness or intention of proceeding pro-se," and that "there is nothing in the record to substantiate the conclusion Ayers knowingly,

---

[1]JUDGE:      So, you concede there's no waiver on the record?

KENTUCKY:      It's not on the record, no.

JUDGE:      And you concede no warnings are given.

KENTUCKY:      Right, no explicit warnings.

JUDGE:      So why doesn't [*Carnley v. Cochran*] require we reverse the Kentucky Supreme Court?

KENTUCKY:      Because he didn't waive his right to counsel; he was counsel, and he appeared as counsel.  He had counsel—

JUDGE:      What if we reject that?  What if we just flat-out reject that?  Do we have to reverse?

KENTUCKY:      I'm not certain, it sounds—I believe you probably would.

Oral Arg. at 24:43–25:11.

intelligently and voluntarily waived his right to counsel." R. 11-2 (Ayers Br. to the Ky. S. Ct. at 2–3) (Page ID #286–87). He reiterated these points in his habeas petition and in his briefing before this court, stressing that he had never "file[d] a notice of appearance of any kind, appear[ed] with a co-counsel for any purpose, or file[d] a motion to be allowed to proceed *pro se*" and insisting that the trial judge had never "obtained a waiver of Ayers's right to be represented by counsel." R. 1-1 (Mem. in Support of Pet. for a Writ of Habeas Corpus at 2) (Page ID #17); Appellant Br. at 5, 34. And Ayers asserted, as we now hold, that a trial court may not "assume the accused's silence constitutes a knowing and intelligent waiver of the right to counsel." Appellant Br. at 23. Ayers properly raised his ineffective-waiver claim, and the Kentucky Supreme Court improperly resolved it.

We recognize that defendants may waive their right to counsel through their conduct as well as through their words. *See Beatty v. Caruso*, 64 F. App'x 945, 951 (6th Cir. 2003). Defendants who fire or refuse to hire attorneys even after being warned that they may be required to proceed pro se if they continue their dilatory conduct, for instance, may be deemed to have validly waived their right to counsel. *See, e.g.*, *King v. Bobby*, 433 F.3d 483, 492 (6th Cir. 2006). But those are not the facts of this case, nor does the Commonwealth argue that Ayers waived his right to counsel through his conduct. To affirm the Kentucky Supreme Court's decision in this case, we would need to hold that a defendant who was allegedly never informed of his right to counsel, never spoke of a desire to represent himself, and was never asked if he wanted to proceed pro se, had nonetheless waived his right to counsel simply by appearing alone. Such a holding would contradict *Carnley*'s prohibition against assuming waiver simply because the defendant appeared without counsel, 369 U.S. at 514, and would counter the Supreme Court's requirement that "courts indulge every reasonable presumption against waiver of fundamental constitutional rights and . . . not presume acquiescence in the loss of fundamental rights," *id.* (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). Longstanding constitutional principles require defendants to do more than appear without counsel before they will be deemed to have waived their Sixth Amendment rights.

Kentucky nevertheless argues that Ayers's experience as a criminal defense attorney and his competent performance before and during trial establish that he waived his right to counsel

"with eyes open." *Faretta*, 422 U.S. at 835 (quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279 (1942)); *see* Appellee Br. at 33 ("[B]y virtue of his law license and experience, it is beyond ken that [Ayers] would not have understood the pitfalls of self-representation."). This argument misses the mark. It is true, of course, that courts must consider "the background, experience, and conduct of the accused" when assessing whether a waiver of the right to counsel was knowing, intelligent, and voluntary, *Zerbst*, 304 U.S. at 464, and may "look to the entire record" to "assess the defendant's understanding of the risks of self-representation," *Glass v. Pineda*, 635 F. App'x 207, 215 (6th Cir. 2015). But such questions go to whether a waiver of counsel was valid, not whether a waiver was obtained in the first place. Kentucky would have us conclude from Ayers's assertedly able performance at trial that he did not need a lawyer, and thereby infer that he never wanted one. The Supreme Court endorsed a similar approach, once, in *Betts v. Brady*, 316 U.S. 455 (1942), by asking whether "the totality of facts in a given case" showed that a defendant who had been denied legal representation had nevertheless performed well enough to render his trial fundamentally fair. *Id.* at 462. The Supreme Court then overruled *Betts* in *Gideon v. Wainwright*, 372 U.S. 335 (1963). Thus, *Betts* is no longer good law.

At bottom, the record in this case simply does not allow the conclusion that Ayers validly waived his right to counsel. Indeed the government concedes the point. The Supreme Court has made clear that such a waiver was necessary before Ayers could proceed pro se. We therefore **REVERSE** the district court's denial of Ayers's habeas petition on this ground.

## C. Denial of Motion for a Continuance

In his second claim for relief, Ayers argues that the trial court violated his Sixth and Fourteenth Amendment right to assistance from counsel of his choosing when it denied his January 25, 2010 motion for a continuance to obtain counsel. *See* Appellant Br. at 40–55. As Ayers is entitled to full relief on his first claim, we need not reach the merits of this second claim, and we therefore decline to do so.

## III. CONCLUSION

All criminal defendants, regardless of their professions or prior experience with the criminal justice system, are entitled to counsel. Defendants have no affirmative obligation to invoke their right to counsel; rather, courts must offer defendants the opportunity to hire or receive counsel, and defendants who wish to go it alone must "intelligently and understandingly reject[] the offer." *Carnley*, 369 U.S. at 516. For the past fifty-six years, it has been well-established in this country that "[a]nything less is not waiver." *Id.* As far less occurred in this case, we **REVERSE** the district court's denial of Ayers's petition under 28 U.S.C. § 2254 and remand with instructions to grant the writ of habeas corpus, unless the Commonwealth of Kentucky elects to retry Ayers within ninety days of this court's judgment.