William Ayers was admitted to practice law in Kentucky on October 21, 1994. On January 28, 2010, Ayers was convicted on five felony counts of failure to file a tax return in violation of KRS [1] 141.990(5). Pursuant to SCR [2] 3.166(1), he was "automatically suspended from the practice of law in [the] Commonwealth." On May 20, 2010, Ayers was suspended for thirty days for failing to refund an unearned fee.[3] The order suspending Ayers stated that Ayers was suspended for thirty days "from the date of this order." Ayers returned the unearned fee to the client but has still failed to pay $1,385.45 in disciplinary proceedings costs as required by the order. On March 24, 2011, Ayers received another thirty-day suspension for practicing law without a license after he was convicted of the five felonies in 2010.[4] The order states that his suspension was to "begin on the date of the entry of this order to run consecutively from any other discipline." Ayers has yet to pay the disciplinary proceedings costs of $313.98.
No further action was taken by the KBA or Ayers. On August 22, 2018, the Sixth Circuit reversed Ayers's 2010 felony convictions.[5] The United States Supreme Court denied the Commonwealth's petition for certiorari on March 19, 2019, making the Sixth Circuit's opinion final. Ayers now petitions this Court to reinstate him to the Kentucky bar in accordance with our previous decisions in *857 Kentucky Bar Ass'n v. Barger, 98 S.W.3d 861, 862 (Ky. 2003) and Kentucky Bar Ass'n v. Hays, 220 S.W.3d 688 (Ky. 2006). Based on the specific facts of this case, and Ayers's failure to pay costs in two other disciplinary proceedings, this Court orders that Ayers's automatic suspension under SCR 3.166(1) be dissolved. However, because of Ayers's failure to pay costs for his May 2010 suspension, his March 2011 suspension has not begun to run. The March 2011 suspension will only begin to run upon payment of his costs with interest from the May 2010 court order. Additionaly, Ayers must pay his unpaid costs with interest from his March 2011 disciplinary proceedings before he can reapply for admission under SCR 3.510(4).
I. Analysis.
In his petition, Ayers failed to mention his two thirty-day suspensions, and merely sought automatic reinstatement under Barger and Hays. In Hays, this Court held that when "the underlying basis for the automatic suspension has been overturned ... the suspension should be dissolved." 220 S.W.3d at 688. In Dunn v. Kentucky Bar Ass'n, 160 S.W.3d 347, 349 (Ky. 2005), this Court held that "[a]n automatic suspension pursuant to SCR 3.166 is clearly a disciplinary suspension because it is based on misconduct of the attorney." However, because of the Sixth Circuit's reversal, Ayers is "returned to his pre-suspension status[,]" is as if the suspension never existed. Hays, 220 S.W.3d at 689 (quoting Barger, 98 S.W.3d at 862 ). Therefore, if Ayers's automatic suspension under SCR 3.166(1) was the only current disciplinary proceeding against Ayers, his bar membership would be restored by order of this Court.[6] However, Ayers has yet to pay costs in either of his two thirty-day suspension proceedings, and his March 24, 2011 suspension was set to "run consecutively from any other discipline."
The KBA argues that the March 2011 suspension has not yet run because the suspension was to "run consecutively from any other discipline." This argument has merit as this Court in 2011 noted that Ayers had yet to pay the costs of his May 2010 proceedings. Ayers , 336 S.W.3d at 115. In Dunn, we opined that a suspension can be extended in perpetuity by an attorney's own actions, including the failure to pay costs. 160 S.W.3d at 349-50. Dunn held that "if by delay in paying the bonds or costs of original proceedings, the lawyer's suspension has persisted longer than 5 years, SCR 3.510(4) will control." Id. at 350. Ayers has never paid the costs of his May 2010 thirty-day suspension, and as a result, his March 2011 suspension has not yet begun to run. He has effectively turned his thirty-day suspension into one that has lasted longer than nine years. Accordingly, Ayers's only avenue for reinstatement is through SCR 3.510(4) -the rule dealing with reinstating an attorney after five or more years of suspension.
Therefore, it is hereby ORDERED that:
1. William O. Ayers's January 29, 2010, automatic suspension is dissolved.
2. Ayers is directed to pay the costs from his May 20, 2010 Order, with interest in accordance with SCR 3.450 and KRS 360.040 and must file an application for reinstatement under SCR 3.510(4).
*858 3. Once costs for the May 20, 2010 Order have been paid with interest, Ayers's March 24, 2011, thirty-day suspension will begin to run and will expire on its own terms upon the filing of an affidavit of compliance with the terms of the suspension, including the payment of the disciplinary costs assessed in the March 24, 2011 Order with interest in accordance with SCR 3.450 and KRS 360.040.
/s/ John D. Minton, Jr.
CHIEF JUSTICE
All sitting. All concur.

Kentucky Revised Statutes.

Rules of the Kentucky Supreme Court.

Kentucky Bar Ass'n v. Ayers, 311 S.W.3d 722 (Ky. 2010).

Kentucky Bar Ass'n v. Ayers, 336 S.W.3d 113 (Ky. 2011).

Ayers v. Hall, 900 F.3d 829 (6th Cir. 2018).

In a typical case such as Dunn, the KBA will institute proceedings against an attorney once the attorney has been convicted of a felony. See 160 S.W.3d at 348. The automatic suspension under SCR 3.166 becomes a placeholder until the KBA's proceedings are complete and permanent discipline is ordered by this Court. Once that suspension (or other discipline) is imposed, the attorney can apply for reinstatement in accordance with SCR 3.510. The record does not reflect that this process occurred in Ayers's case.